THE CAVANAGH LAW FIRM
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Scott A. Salmon, SBN 006443
ssalmon@cavanaghlaw.com
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Nicholas Edward Bensfield, by and through its Court Appointed Personal Representative, Shirley Bensfield,<br><br>                                   Plaintiff,<br><br>v.<br><br>Liberty Mutual Fire Insurance Company, a foreign corporation doing business in Arizona,[1]<br><br>                                   Defendant. | NO. _____<br><br>**DEFENDANT'S NOTICE TO PLAINTIFF OF THE FILING OF NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF ARIZONA** |

TO:   George E. Mueller
      Mueller Law Group, P.A.
      2211 East Camelback Road, Suite 307
      Phoenix, Arizona 85016
      Attorney for Plaintiff

       Please take notice that Defendant Liberty Mutual Fire Insurance Company has filed

a Petition and Notice in the United States District Court in and for the District of Arizona

---

[1] Defendant is erroneously named as Liberty Mutual Insurance, a foreign corporation doing business in Arizona.  The proper Defendant is Liberty Mutual Fire Insurance Company, a foreign corporation doing business in Arizona.  Accordingly, Defendant has corrected the caption and requests that this caption be used in all future documents filed with the Court.

1  for removal of an action now pending in the Superior Court of Pima County, Arizona,

2  captioned *Estate of Nicholas Edward Bensfiled, by and through its Court Appointed*

3  *Personal Representative, Shirley Bensfield v. Liberty Mutual Fire Insurance Company*, a

4  *foreign corporation doing business in Arizona*, Maricopa County Superior Court Case No.

5  CV2017-002814.

6      A copy of said Petition for Removal and Notice of Removal is attached to this

7  Notice and is hereby served upon you (Exhibit A).

8      DATED this 16th day of March, 2017.

9

10                 THE CAVANAGH LAW FIRM, P.A.

11           By:  ___/s/ Scott A. Salmon_____
                  Scott A. Salmon
12                Attorneys for Defendant

13           **CERTIFICATE OF SERVICE**

14  I hereby certify that on March 16, 2017, I electronically transmitted the attached
    document to the Clerk's Office using the CM/ECF System for filing and electronic copy
15  to the following party:

16                 George E. Mueller
                   Mueller Law Group, P.A.
17                 2211 East Camelback Road, Suite 307
                   Phoenix, Arizona 85016
18                 Attorneys for Plaintiff

19

20                 ___/s/DAF_____

21

22

23

24

25

26

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

# EXHIBIT A

THE CAVANAGH LAW FIRM
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Scott A. Salmon, SBN 006443
ssalmon@cavanaghlaw.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| Estate of Nicholas Edward Bensfield, by and through its Court Appointed Personal Representative, Shirley Bensfield, | NO. _____ |
|---|---|
| Plaintiff, | **DEFENDANT'S PETITION FOR REMOVAL AND NOTICE OF REMOVAL** |
| v. | |
| Liberty Mutual Fire Insurance Company, a foreign corporation doing business in Arizona,[1] | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Liberty Mutual Fire Insurance Company, ("Defendant"), by and through counsel undersigned, respectfully files this Petition for Removal and Notice of Removal of *Estate of Nicholas Edward Bensfiled, by and through its Court Appointed Personal Representative, Shirley Bensfield v. Liberty Mutual*

---

[1] Defendant is erroneously named as Liberty Mutual Insurance, a foreign corporation doing business in Arizona. The proper Defendant is Liberty Mutual Fire Insurance Company, a foreign corporation doing business in Arizona. Accordingly, Defendant has corrected the caption and requests that this caption be used in all future documents filed with the Court.

*Fire Insurance Company*, a *foreign corporation doing business in Arizona*, Maricopa County Superior Court Case No. CV2017-002814, from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for the District of Arizona, and in support thereof says as follows:

1. A civil action seeking to recover money damages has been commenced by Plaintiff, and is now pending in the Maricopa County Superior Court in and for the State of Arizona, captioned *Estate of Nicholas Edward Bensfiled, by and through its Court Appointed Personal Representative, Shirley Bensfield v. Liberty Mutual Fire Insurance Company*, a *foreign corporation doing business in Arizona*, Maricopa County Superior Court Case No. CV2017-002814 ("the State Action").

2. Plaintiff's Complaint was filed on February 13, 2017. A true and correct copy of the Complaint filed by Plaintiff in the State Action is attached hereto as Exhibit "A" and incorporated herein by reference.

3. The Complaint was served upon Defendant on February 14, 2017.

4. A copy of the Affidavit of Service is attached hereto as Exhibit "B."

5. A copy of the Summons is attached hereto as Exhibit "C."

6. A copy of the Certificate of Compulsory Arbitration is attached hereto as Exhibit "D."

7. To date, Defendant is not aware of other pleadings filed in the State Action.

8. Pursuant to L.R. 3.6(b), Defendant certifies that Exhibits A–D are true and correct copies of all pleadings and other documents filed in the State Court proceeding.

9. Upon information and belief, Nicholas Edward Bensfield ("Decedent") died on March 25, 2016 in Maricopa County, Arizona, and his Estate was properly established, and the Court appointed his wife, Plaintiff Shirley Bensfield, as the Personal Representative of his Estates. *See* Exhibit A at ¶ 1.

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

10.     According to Plaintiff's Complaint, Decedent suffered personal injury as a result of a motor vehicle accident and subsequently made a claim for underinsured motorist benefits under an automobile policy issued by Defendant. *See* Exhibit A at ¶¶ 6, 7, 8.

11.     Defendant Liberty Mutual Fire Insurance Company is a corporation organized under the laws of the state of Wisconsin with its principal place of business located in Boston, Massachusetts.

12.     This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. After the Decedent's death, Defendant issued a payment to Plaintiff for the undisputed amount of the claim in the amount of $79,401.91. Thereafter, Plaintiff made a demand to Defendant for payment of the full $250,000.00 policy limits.

13.     In addition, Plaintiff seeks punitive damages, which can be considered in satisfying the jurisdictional limit for the case. *See* Exhibit A at ¶¶ 49-59; *Thomas v. Standard Ins. Co.*, 2010 WL 994507 (D. Ariz. 2010) (a claim for punitive damages can be considered when determining whether the jurisdictional minimum has been satisfied).

14.     Plaintiff has also certified that the case is not subject to compulsory arbitration, meaning that Plaintiff views the case as having a value in excess of $50,000. *See* Exhibit D; s*ee Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575 (D. Ariz. 2003) (holding that a Certificate Regarding Compulsory Arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied).

15.     Defendant is entitled to remove this matter from the Superior Court of Maricopa County pursuant to 28 U.S.C. § 1441.

16.     There are no other named defendants in this matter so no additional consent is necessary.  28 U.S.C. § 1446(a).

17.     This Notice of Removal is filed pursuant to 28 U.S.C. Section 1446(b)(2)(B) within 30 days of service of the Complaint in the State Action upon Defendants, as provided in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Lacey v. Malandro Commun., Inc.*, No. CV-09-01429; 2009 U.S. Dist. Lexis 113993 (D. Ariz., Dec. 8, 2009).

18.     Pursuant to LRCiv 3.6(a), a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the State of Arizona, Maricopa County.

19.     Defendant requests a jury trial, and have indicated the same on the Civil Cover Sheet.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the aforesaid action pending in the Superior Court of Maricopa County, State of Arizona, be removed from that Court to the United States District Court in and for the District of Arizona for trial and determination of all issues, subject to motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

DATED this 16th day of March, 2017.

THE CAVANAGH LAW FIRM, P.A.

By:   /s/ Scott A. Salmon
Scott A. Salmon
Attorneys for Defendant

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on March 16, 2017, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and electronic copy
to the following party:

3

4

George E. Mueller
Mueller Law Group, P.A.
2211 East Camelback Road, Suite 307
Phoenix, Arizona 85016
Attorneys for Plaintiff

5

6

7

8

/s/DAF

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT A

**COPY**

MUELLER LAW GROUP, P.A.
2211 East Camelback Road, Suite 307
Phoenix, Arizona 85016
Telephone: (602) 222-9800
Facsimile: (602) 222-9802
E-mail: mlg@muellerlawgroup.com

George E. Mueller (015209)
Attorney for Plaintiff

FEB 1 3 2017

MICHAEL K. JEANES, CLERK
N. BUTZBACH
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

ESTATE OF NICHOLAS EDWARD
BENSFIELD, by and through its
Court Appointed Personal Representative,
SHIRLEY BENSFIELD,

        Plaintiff,

v.

LIBERTY MUTUAL INSURANCE,
a foreign corporation
doing business in Arizona;

        Defendant.

CASE NO.

CV2017-002814

**COMPLAINT**
(Negligence and Insurance Bad Faith)

Plaintiff, by and through undersigned counsel, as and for its Complaint against Defendant Liberty Mutual Insurance (hereinafter referred to as "Liberty Mutual"), alleges as follows:

### INTRODUCTION
(The Parties)

1. Nicholas Edward Bensfield died on March 25, 2016 in Maricopa County, Arizona. His Estate was properly established, and the Court appointed his wife, Shirley Bensfield, as the Personal Representative of his Estate.

2. Defendant Liberty Mutual is, and was at all times material hereto, a Massachusetts corporation duly licensed to sell and administer insurance in the State of Arizona.

1

1

2                                  (Jurisdiction)

3          3.     The Superior Court in and for the County of Maricopa has jurisdiction over the

4    subject matter of this action, and has personal jurisdiction over all parties listed above. The

5    amount in controversy exceeds the minimum jurisdictional limits of the Court.

6                                    (Venue)

7          4.     The acts and omissions that give rise to Plaintiff's cause of action occurred in

8    Maricopa County, Arizona, and Venue is proper in Maricopa County.

9                              (General Allegations)

10         5.     At all relevant times, Liberty Mutual provided automobile insurance to Nicholas

11   Bensfield that included underinsured motorist coverage. According to this insurance policy,

12   Liberty Mutual "will pay compensatory damages which an 'insured' is legally entitled to recover

13   from the owner or operator of an 'underinsured motor vehicle' because of bodily injury."

14         6.     On November 12, 2014, Nicholas Bensfield was involved in a motor vehicle

15   collision with Eddie B. Avila, the owner or operator of an underinsured motor vehicle

16   (hereinafter referred to as "subject collision"). Eddie B. Avila was 100% at fault for the subject

17   collision.

18         7.     Because of this subject collision, Nicholas Bensfield suffered bodily injury;

19   incurred reasonable expenses for necessary medical care; and, he suffered general damages

20   including pain, discomfort, suffering, disability, disfigurement, anxiety, and loss of enjoyment of

21   life.

22         8.     On March 12, 2015, Nicholas Bensfield notified Liberty Mutual of a possible

23   underinsured motorist claim (hereinafter referred to as "claim").

24

9.      On March 16, 2015, Liberty Mutual notified Nicholas Bensfield of reassignment of his pending claim.

10.     By March 16, 2015, Liberty Mutual confirmed coverage and established liability on Nicholas Bensfield's claim. All that Liberty Mutual needed to do to pay Nicholas Bensfield's claim was to determine the amount of compensation to which Nicholas Bensfield was entitled.

11.     On March 16, 2015, and numerous times thereafter, Liberty Mutual requested that Nicholas Bensfield complete and return a medical authorization form that would allow Liberty Mutual to obtain all of Nicholas Bensfield's medical records and bills.

12.     To satisfy the requirement to cooperate contained in Liberty Mutual's insurance contract with Nicholas Bensfield, Nicholas Bensfield signed the medical records release authorizations, and they were provided to Liberty Mutual.

13.     At various times, Nicholas Bensfield provided Liberty Mutual with the names of additional medical care providers and also completed and returned medical authorization forms to allow Liberty Mutual to obtain medical records and bills from those providers as well.

14      Eddie B. Avila's insurer paid Nicholas Bensfield its insured's liability insurance policy limits. This amount did not fully compensate Nicholas Bensfield for damages caused by the subject collision, and Nicholas Bensfield had a matured claim for underinsured motorist benefits equal to the full amount of compensation which Nicholas Bensfield was legally entitled to recover from Eddie B. Avila because of bodily injury, less the amount paid by Eddie B. Avila's insurer.

COUNT ONE<br>(Negligence)

15.     Plaintiff hereby incorporates by this reference all of the previous paragraphs and allegations of this Complaint as if restated here in full.

3

1

2    16.    Liberty Mutual had a duty to immediately conduct an adequate investigation into

3  Nicholas Bensfield's claim.

4    17.    Liberty Mutual breached its duty of care to Nicholas Bensfield by failing to

5  timely conduct an adequate investigation into Nicholas Bensfield's claim.

6    18.    Liberty Mutual had a duty to act reasonably and timely in obtaining all documents

7  supporting Nicholas Bensfield's claim.

8    19.    Liberty Mutual breached its duty of care to Nicholas Bensfield by failing to

9  reasonably and timely obtain the relevant medical records and bills supporting Nicholas

10 Bensfield's claim.

11    20.    Liberty Mutual had a duty to act reasonably and timely in evaluating Nicholas

12 Bensfield's claim.

13    21.    Liberty Mutual breached its duty of care to Nicholas Bensfield by failing to

14 reasonably and timely evaluate Nicholas Bensfield's claim.

15    22.    Liberty Mutual had a duty to act reasonably and timely in determine the nature

16 and extent of the injuries Nicholas Bensfield actually sustained because of the subject collision.

17    23.    Liberty Mutual breached its duty of care to Nicholas Bensfield by failing to

18 reasonably and timely determine the nature and extent of the injuries Nicholas Bensfield actually

19 sustained because of the subject collision.

20    24.    Liberty Mutual had a duty to act promptly in making a good-faith offer of

21 settlement on Nicholas Bensfield's legitimate claim.

22    25.    Liberty Mutual breached its duty of care to Nicholas Bensfield by failing to

23 timely make a good-faith offer of settlement on Nicholas Bensfield's legitimate claim.

24

4

26.    Liberty Mutual had a duty to act promptly in paying Nicholas Bensfield's legitimate claim.

27.    Liberty Mutual breached its duty of care to Nicholas Bensfield by failing to promptly pay Nicholas Bensfield's legitimate claim.

28.    As a direct result of Liberty Mutual's breach of its duty of care to Nicholas Bensfield in the handling of his claim, Liberty Mutual did not pay Nicholas Bensfield general damages including pain, discomfort, suffering, disability, disfigurement, anxiety, and loss of enjoyment of life that resulted from the subject collision.

29.    As a direct result of Liberty Mutual's breach of its duty of care to Nicholas Bensfield in the handling of his claim, Nicholas Bensfield's Estate has been damaged by not having the compensation to which Nicholas Bensfield was legally entitled before his death.

COUNT TWO
(First-Party Insurance Bad Faith)

30.    Plaintiff hereby incorporates by this reference all of the previous paragraphs and allegations of this Complaint as if restated here in full.

31.    Inherent in every contract of insurance is a covenant of good faith and fair dealing.

32.    Liberty Mutual owed Nicholas Bensfield a duty to deal fairly and in good faith with him under its insurance policy with him.

33.    Liberty Mutual breached its duty of good faith and fair dealing owed to Nicholas Bensfield by its acts and omissions alleged herein.

34.    Liberty Mutual failed in good faith to effectuate the prompt, fair, and equitable settlement of the claim in which liability was clear.

35.     Liberty Mutual acted in bad faith by exploiting its insured's vulnerable position through delay.

36.     Liberty Mutual acted in bad faith by failing to make reasonable efforts to alleviate the necessity of litigation in this case.

37.     Liberty Mutual acted in bad faith in such other manner as may be proven at trial.

38.     In all aspects of investigating and evaluating a claim, Liberty Mutual is required to give as much consideration to Nicholas Bensfield's interests as it does to its own interests.

39.     Liberty Mutual failed to treat Nicholas Bensfield's interests with equal regard as it did its own in handling Nicholas Bensfield's claim.

40.     Liberty Mutual acted to serve its own interests in handling Nicholas Bensfield's claim.

41.     Among the purposes of insurance is to provide emotional and financial security, and peace of mind to the insured.

42.     Nicholas Bensfield purchased his insurance policy with Liberty Mutual for emotional and financial security, and peace of mind in the event of a loss. When his loss occurred, Nicholas Bensfield expected to have the protection provided by his insurance policy with Liberty Mutual

43.     Liberty Mutual had a duty to do nothing that jeopardizes Nicholas Bensfield's security under its insurance policy with him.

44.     Liberty Mutual was aware that among the purposes of insurance is to provide emotional and financial security as well as peace of mind to persons such as Nicholas Bensfield. Yet, Liberty Mutual intentionally and with reckless indifference to Nicholas Bensfield's rights and interests failed to timely pay losses covered under the terms of its insurance policy. Liberty

Mutual, thereby, intentionally failed to provide Nicholas Bensfield with the security and protection from the loss which was the subject of the insurance policy.

45.    Liberty Mutual, as an insurer, should not force an insured to go through needless adversarial hoops to achieve their rights under the insurance policy.

46.    Liberty Mutual acted in bad faith by its adversarial position in handling Plaintiff's claim.

47.    Liberty Mutual acted in bad faith by forcing Plaintiff into litigation to recover amounts due under its insurance policy.

48.    As a direct and proximate result of Liberty Mutual's acts and omissions alleged herein, Nicholas Bensfield and his Estate suffered damages, expense, financial consequences, and other detriment as may be proven at trial.

COUNT THREE<br>(Punitive Damages)

49.    Plaintiff hereby incorporate by this reference all of the previous paragraphs and allegations of this Complaint as if restated here in full.

50.    Liberty Mutual had actual knowledge of its responsibility to its insured, including Nicholas Bensfield, yet it consciously ignored its responsibility to him.

51.    Liberty Mutual had actual knowledge of Nicholas Bensfield's rights and needs and, nevertheless, consciously disregarded them.

52.    There was no reasonable basis for Liberty Mutual's acts and omissions alleged herein.

53.    Liberty Mutual knew that there was no reasonable basis for its acts and omissions alleged herein.

7

54. Liberty Mutual's acts and omissions alleged herein were for the purpose of delaying payment owed under its insurance policy.

55. Liberty Mutual's failure to perform its obligations under the insurance policy was outrageous, oppressive, and resulted in harm to Nicholas Bensfield..

56. Liberty Mutual undertook its acts and omissions as alleged herein and consciously pursued a course of conduct while having reason to know and consciously disregarding a substantial risk that its conduct might significantly injure the rights of its insured thereby warranting the assessment of punitive or exemplary damages against Liberty Mutual.

57. Liberty Mutual's acts and omissions alleged herein were willful, wanton, intentional, malicious, and characterized by an evil mind thereby warranting the assessment of punitive or exemplary damages against Liberty Mutual.

58. Liberty Mutual's conduct alleged above is part of a plan, scheme, design, pattern and practice of behavior by Liberty Mutual to delay payments rightfully due to the insured under insurance policies. In doing so, Liberty Mutual acted willfully knowing that its actions and inactions would create a substantial loss and damage to Plaintiff. Liberty Mutual thereby acted with an evil mind sufficient to warrant the assessment of punitive or exemplary damages against Liberty Mutual.

59. Liberty Mutual acted within a consistent pattern to undermine the security of its own insurance policies to the detriment of its insured, including Plaintiff, to the extent that it constitutes a clear and conscious disregard of the substantial likelihood that such conduct is likely to cause harm, and constitutes conduct sufficient to warrant the assessment of punitive or exemplary damages against Liberty Mutual.

8

1

2        WHEREFORE, Plaintiff demands judgment against Defendant Liberty Mutual Insurance

3  for damages in an amount to be proven at trial that fully and adequately compensates Plaintiff,

4  subject to offset by the amount Defendant previously paid Plaintiff on the underinsured motorist

5  claim, for punitive and exemplary damages against Defendant, for all costs and expenses

6  incurred herein, for interest on the sum not paid from the time it should have been paid at the

7  maximum rate allowed by law, and for such other and further relief to which Plaintiff may be

8  entitled either at law or in equity, or as the Court may deem just in the premises.

9        DATED this 13th day of February, 2017.

10                       MUELLER LAW GROUP, P.A.

13                       George E. Mueller

# EXHIBIT B

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
BY
F. AZADEH, FILED
17 FEB 16 PM 12: 04

| Inv. # | **SUPERIOR COURT OF THE STATE OF ARIZONA** | |
|---|---|---|
| 116390 | **IN AND FOR THE COUNTY OF MARICOPA** | |

**ESTATE OF NICHOLAS EDWARD BENSFIELD; et al.**

                                        **Plaintiff / Petitioner,**

vs.

**LIBERTY MUTUAL INSURANCE**

                                                      NO. CV2017-002814
                              **Defendant / Respondent.**    CERTIFICATE OF SERVICE

<u>Geoffrey Roberts</u>                          , the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:

**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION**

from             George E. Mueller c/o Mueller Law Group, P.A.             on        2/14/17        ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:    LIBERTY MUTUAL INSURANCE, c/o Arizona Department of Insurance

DATE & TIME:  2/14/17 1:43pm
PLACE &   2910 N. 44TH STREET STE.210 PHOENIX, AZ 85018-7256, which is his/her place of business.
MANNER:   By serving Yuliana Salinas, Fiscal Services Specialist, a person authorized to accept such service on their behalf, in person.

$15.00 service fee tendered. Description of the Named: Female, Age: 30's, Ht: 5' 3in., Wt: 190, Eyes: brown, Hair: black, Ethnicity: Hisp.

**Statement of Costs**

| Services | $16.00 |
|---|---|
| Mileage | $24.00 |
| Sp. Handl. | $24.00 |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | |
| **Total** | **$74.00** |

Affiant - Registered in
**Maricopa County**

ORIGINAL

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

# EXHIBIT C

STATE OF ARIZONA
DEPT. OF INSURANCE

FEB 1 4 2017
TIME _1:43pm_
SERVICE OF PROCESS

1

2    MUELLER LAW GROUP, P.A.
     2211 East Camelback Road, Suite 307
3    Phoenix, Arizona 85016
     Telephone: (602) 222-9800
4    Facsimile: (602) 222-9802
     E-mail: mlg@muellerlawgroup.com
5

6    George E. Mueller (015209)
     Attorney for Plaintiff

7            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
                 IN AND FOR THE COUNTY OF MARICOPA
8

9    ESTATE OF NICHOLAS EDWARD              CASE NO.
     BENSFIELD, by and through its
10   Court Appointed Personal Representative,
     SHIRLEY BENSFIELD,                     CV 2017-002814
11
               Plaintiff,
12
          v.                                If you would like legal advice from a lawyer,
13                                          Contact the Lawyer Referral Service at
     LIBERTY MUTUAL INSURANCE,                          602-257-4434
14   a foreign corporation                                 or
     doing business in Arizona;                    www.maricopalawyers.org
15                                                   Sponsored by the
               Defendant.                      Maricopa County Bar Association
16
                                            SUMMONS
17   THE STATE OF ARIZONA TO THE DEFENDANT:

18           LIBERTY MUTUAL INSURANCE
             c/o Arizona Department of Insurance, Statutory Agent
19           2910 North 44th Street, Suite 210
             Phoenix, AZ 85018-7256
20
         YOU ARE HEREBY SUMMONED and required to appear and defend, within the time
21   applicable, in this action in this Court.  If served within Arizona, you shall appear and defend
     within 20 days after the service of the Summons and Complaint upon you, exclusive of the day
22   of service. If served out of the State of Arizona--whether by direct service, by registered or
     certified mail, or by publication--you shall appear and defend within 30 days after the service of
23   the Summons and Complaint upon you is complete, exclusive of the day of service.  Where
     process is served upon the Arizona Director of Insurance as an insurer's attorney to receive
24   service of legal process against it in this state, the insurer shall not be required to appear, answer
     or plead until expiration of 40 days after date of such service upon the Director.  Service by
     registered or certified mail without the State of Arizona is complete 30 days after the date of

1

filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. ARCP 4; ARS §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. ARCP 10(D); ARS §12-311; ARCP 5.

REQUESTS FOR REASONABLE ACCOMMODATION for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding. ARCP 45(g).

REQUESTS FOR AN INTERPRETER for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:

      MUELLER LAW GROUP, P.A.
      George E. Mueller
      2211 East Camelback Road, Suite 307
      Phoenix, AZ 85016

SIGNED AND SEALED THIS DATE: _____

COPY

CLERK OF COURT

FEB 1 3 2017

By _____
MICHAEL K. JEANES, CLERK
Deputy Clerk   N. BUTZBACH
      DEPUTY CLERK

2

# EXHIBIT D

COPY

FEB 1 3 2017

MICHAEL K. JEANES, CLERK
N. BUTZBACH
DEPUTY CLERK

MUELLER LAW GROUP, P.A.
2211 East Camelback Road, Suite 307
Phoenix, Arizona 85016
Telephone: (602) 222-9800
Facsimile: (602) 222-9802
E-mail: mlg@muellerlawgroup.com

George E. Mueller (015209)
Attorney for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ESTATE OF NICHOLAS EDWARD BENSFIELD, by and through its Court Appointed Personal Representative, SHIRLEY BENSFIELD, | CASE NO. <br><br> CV2017-002814 |
| Plaintiff, | |
| v. | |
| LIBERTY MUTUAL INSURANCE, a foreign corporation doing business in Arizona; | |
| Defendant. | **CERTIFICATE ON COMPULSORY ARBITRATION** |

The undersigned certifies that he knows the dollar limits and any other limitations set forth by the Local Rules of this Superior Court, and further certifies that this case is not subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

DATED this 13th day of February, 2017.

MUELLER LAW GROUP, P.A.

George E. Mueller