**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Scott A. Salmon, SBN 006443
ssalmon@cavanaghlaw.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Nicholas Edward Bensfield, by and through its Court Appointed Personal Representative, Shirley Bensfield,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Liberty Mutual Fire Insurance Company, a foreign corporation doing business in Arizona,<br><br>　　　　　　　　　　　　Defendant. | Case No.: CV-17-00797-PHX-BSB<br><br>**ANSWER OF DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY**<br><br>**(Jury Trial Demanded)**<br><br>(Assigned to the Honorable Bridget S. Bade) |

　　　　Defendant Liberty Mutual Fire Insurance Company, for its Answer to Plaintiff's Complaint, states:

　　　　1.　　Answering Paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

　　　　2.　　Defendant admits that Liberty Mutual Fire Insurance Company is a foreign corporation authorized to and is doing business in the State of Arizona.

3. Answering paragraph 3 of Plaintiff's Complaint, Defendant has properly removed this action to the United States District Court, District of Arizona, pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Defendant admits the allegations of Paragraph 4 of Plaintiff's Complaint, upon information and belief.

5. Responding to paragraph 5 of Plaintiff's Complaint, Defendant admits it issued an insurance policy to Nicholas Bensfield and that insurance policy speaks for itself.

6. Defendant admits the allegations of Paragraph 6 of Plaintiff's Complaint, upon information and belief.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendant admits that Nicholas Bensfield suffered bodily injury as a result of a motor vehicle collision. Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint and therefore denies same.

8. Defendant admits the allegations of Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations of Paragraph 9 of Plaintiff's Complaint.

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendant admits that it requested Nicholas Bensfield to sign forms authorizing the release of medical records from the medical providers of which it was aware at the time of each request.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendant admits that Nicholas Bensfield provided signed authorization forms for the release of medical records from at least some of his medical providers.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendant admits that Nicholas Bensfield provided signed authorizations forms for the release of medical records from at least some of his medical providers.

14. Answering Paragraph 14 of Plaintiff's Complaint, upon information and belief, Defendant admits that Eddie B. Avila's insurer paid Nicholas Bensfield its insured's liability insurance limits, which did not fully compensate Mr. Bensfield for damages caused by the subjection vehicle collision. As to the remaining allegations in Paragraph 14 of Plaintiff's Complaint, inasmuch as the allegations do not contain a complete or accurate statement as to fact or law, Defendant denies those allegations.

## COUNT ONE
### (Negligence)

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant reincorporates each qualification, affirmation, and denial above as though fully set forth

herein.

16. Answering Paragraph 16 of Plaintiff's Complaint, Paragraph 16 is not a complete and accurate statement of the law and therefore Defendant denies the same.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Answering Paragraph 18 of Plaintiff's Complaint, Paragraph 18 is not a complete and accurate statement of the law and therefore Defendant denies the same.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Answering Paragraph 20 of Plaintiff's Complaint, Paragraph 20 is not a complete and accurate statement of the law and therefore Defendant denies the same.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Answering Paragraph 22 of Plaintiff's Complaint, Paragraph 20 is not a complete and accurate statement of the law and therefore Defendant denies the same.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Answering Paragraph 24 of Plaintiff's Complaint, Paragraph 20 is not a complete and accurate statement of the law and therefore Defendant denies the same.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Answering Paragraph 26 of Plaintiff's Complaint, Paragraph 20 is not a complete and accurate statement of the law and therefore Defendant denies the same. *See Miel v. State Farm Mut. Auto. Ins. Co.*, 185 Ariz. 104, 111, 912 P.2d 1333, 1340 (App. 1995).

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

**COUNT TWO**
**(First-Party Insurance Bad Faith)**

30. Answering Paragraph 30 of Plaintiff's Complaint, Defendant reincorporates each qualification, affirmation, and denial above as though fully set forth herein.

31. Inasmuch as the allegations contained in Paragraph 31 of Plaintiff's Complaint are not a complete and accurate statement of the law or fact, Defendant denies the same.

32. Inasmuch as the allegations contained in Paragraph 32 of Plaintiff's Complaint are not a complete and accurate statement of the law or fact, Defendant denies the same.

33. Defendant denies the allegations in Paragraphs 33 through 37 of Plaintiff's Complaint.

34. Inasmuch as the allegations contained in Paragraph 34 of Plaintiff's Complaint are not a complete and accurate statement of the law or fact, Defendant denies the same.

35. Defendant denies the allegation in Paragraphs 39 through 40 of Plaintiff's Complaint.

36. Inasmuch as the allegations contained in Paragraph 36 of Plaintiff's Complaint are not a complete and accurate statement of the law or fact, Defendant denies the same.

37. Answering Paragraph 42 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and therefore denies same.

38. Inasmuch as the allegations contained in Paragraph 38 of Plaintiff's Complaint are not a complete and accurate statement of the law or fact, Defendant denies

the same.

39. Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

40. Inasmuch as the allegations contained in Paragraph 40 of Plaintiff's Complaint are not a complete and accurate statement of the law or fact, Defendant denies the same.

41. Defendant denies the allegations in Paragraphs 46 through 48 of Plaintiff's Complaint.

## COUNT THREE
### (Punitive Damages)

42. Answering Paragraph 49 of Plaintiff's Complaint, Defendant reincorporates each qualification, affirmation, and denial above as though fully set forth herein.

43. Defendant denies the allegations in Paragraphs 50 through 59.

44. Defendant denies each allegation of Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

45. Plaintiff's Complaint and each purported cause of action contained therein fails to allege facts sufficient to state a claim upon which relief may be granted.

46. To the extent Plaintiff's Complaint alleges that Plaintiff suffered any purported injury or damages, such injury and damages, if any, were caused by Plaintiff's

own negligence, fault or material misrepresentations, and Plaintiff's negligence, fault or material misrepresentations proximately/concurrently caused and contributed to Plaintiff's alleged harm/damages, if any. Accordingly, Plaintiff's recovery of its alleged damages is barred or reduced by Plaintiff's own conduct.

47. To the extent Plaintiff's Complaint alleges that Plaintiff suffered any purported injury or damages, Defendant is informed and believes and based thereon alleges that such injury and damages, if any, were caused by the negligence and fault of persons and entities other than Defendant. Plaintiff's damages, if any, should be reduced to the extent the negligence and fault of the persons and entities other than Defendant contributed to Plaintiff's purported damages.

48. To the extent Plaintiff's Complaint alleges that Plaintiff suffered any purported injury or damages, Defendant is informed and believes and based thereon alleges that Plaintiff has failed to take any and all reasonable or necessary actions to avoid or reduce its damages, if any, and any damages awarded to Plaintiff must be reduced accordingly.

49. Plaintiffs claims are barred, in whole or in part, by A.R.S. § 14-3110.

50. To avoid a waiver and pending further discovery, Defendant alleges insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, the doctrine of avoidable consequences, waiver, estoppel, and laches.

51. Plaintiff's Complaint is barred to the extent that it seeks relief based on conduct occurring outside of the applicable statutes of limitations.

52. Plaintiff's Complaint, and each and every alleged cause of action contained therein, fails to allege causes of action which support or facts sufficient to allow the recovery of punitive or exemplary damages from Defendant.

53. To the extent Plaintiff's Complaint seeks punitive or exemplary damages against Defendant, it violates the rights of Defendant to procedural due process under the Fourteenth Amendment of the Constitution of the United States and/or Arizona, and therefore fails to state a cause of action upon which punitive damages may be awarded.

54. To the extent Plaintiff's Complaint seeks punitive or exemplary damages against Defendant it violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and violates the rights of Defendant to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution, and in the Arizona Constitution, and therefore fails to state a cause of action upon which punitive or exemplary damages may be awarded.

55. Defendant is informed and believes, and upon that basis alleges, that at no time relevant to this litigation did it ratify or approve any malicious, fraudulent or oppressive acts of any of its employees or agents, and that Plaintiff's request for punitive damages is therefore barred as a matter of law.

56. Plaintiff consented to or invited all of the acts and conduct of Defendant, and thus the causes of action in Plaintiff's Complaint are barred.

57. Defendant alleges and contends that it has been released of all alleged obligations to Plaintiff.

58. Defendant alleges and contends that no legal duty was breached by Defendant, and that any claims for damages are highly speculative and not allowable for the causes of action alleged and attributed to Defendant.

59. Discovery in this matter is ongoing and Defendant reserves the right to amend its answer to Plaintiff's Complaint to incorporate additional affirmative defenses based on information obtained through the course of discovery or other developments in the case.

60. Defendant request a trial by jury.

WHEREFORE, Defendant prays for relief as follows:

A. That Plaintiff take nothing by reason of its Complaint;

B. That Defendant be awarded its reasonable attorneys' fees and costs incurred herein pursuant to A.R.S. §§ 12-341 and 12-341.01; and

C. That Defendant be awarded such other and further relief as this Court deems just and proper.

DATED this 23rd day of March, 2017.

THE CAVANAGH LAW FIRM, P.A.

By: /s/ Scott A. Salmon
Scott A. Salmon
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and electronic copy to the following party:

        George E. Mueller
        Mueller Law Group, P.A.
        2211 East Camelback Road, Suite 307
        Phoenix, Arizona 85016
        Attorneys for Plaintiff

          /s/DAF